UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOKS ALLAN CASE,<br><br>Defendant. | Case No. 1:19-cr-00360-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Brooks Case's Motion for New Trial. Dkt. 74. The Government filed a response opposing the motion. Dkt. 76. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On June 4, 2020 the jury found Defendant Brooks Case guilty of one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 71. The jury further found that Case distributed five grams or more of actual methamphetamine. *Id.*

The present motion involves three incidents of alleged prosecutorial misconduct: the timeliness of the Government's disclosure of Detective Ryan

Bonner as a material witness, the Government's alleged suppression of the potentially exculpatory evidence on Vanessa Campos's cellphone, and the Government's closing argument.

The Government identified Detective Bonner as a witness for the first time in its witness list filed on May 26, 2020, as required by the Court's pretrial order. Dkt. 44, 55. At trial, Bonner testified that he took photos of the Defendant after the alleged drug deal. The photos were disclosed to the defense in initial discovery and were admitted at trial. Defense counsel did not file a motion in limine to exclude Bonner's testimony, nor object when the Government called Bonner to testify at trial. *Transcript* at 205-6, Dkt. 78.

During trial, the Government presented evidence suggesting that co-defendant Vanessa Campos communicated with Case via cell phone to purchase methamphetamine, which she sold to the informant during a controlled buy. Detective Cardwell testified during trial that law enforcement seized Campos's cell phone upon her arrest in November 2019, and that it was either in a temporary evidence locker or might be at the FBI. *Transcript* at 189, Dkt. 78. The Government did not introduce evidence of any communications between Campos and Case from that cellphone. And, Detective Cardwell testified that he had not wiretapped Campos' cell phone.

In closing arguments, when addressing the informant's testimony, the Government stated "[s]he told you the defendant and Vanessa went around the corner and she was in a different room." *Transcript* at 332, Dkt. 79. After the defense objected to this description as a misstatement of the evidence, the Court instructed the jury as follows:

> Ladies and gentlemen, I have my own recollection as to what the witness said about going around the corner or not. It's up to you to determine that. Apparently counsel have a different view of that. If the evidence supports the statement made by counsel, then you're to, of course, feel free to adopt that, but if the evidence doesn't support that, then you're to disregard counsel's argument.

*Id*. The Government then corrected her statement by saying, "Nellie [the informant] did not tell you that she saw Brooks Case hand methamphetamine to Vanessa because she wasn't in a position to see that." *Id.*

Later in her argument, the Government addressed the informant's inability to identify the Defendant as the source of methamphetamine:

> Whether she was able to remember exactly what the source looked like, I submit to you that that is not a critical issue in this case because you have another eyewitness who positively identified Brooks Case as the person driving the dark green GMC Envoy, the person who showed up at the end of that drug deal. It is perfectly understandable that Nellie would not remember exactly what that person looked like. She had never met him before. She only was at the house with him for five minutes. Again, this happened over a year ago. And when she came into court and was asked do you recognize that person in the courtroom she looked at a room full of people with half of their faces covered.

*Id.* at 334. After the jury was excused to deliberate Case moved for a mistrial based on the Government's misstatement regarding the informant. *Id.* at 348-49. The Court denied Defendant's motion, finding that while the statement was improper, in the context of the evidence it did not justify a finding of prosecutorial misconduct or granting a mistrial. *Id.* at 358.

## LEGAL STANDARD

A new trial may be granted by the district court when the "interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial should only be granted "in an exceptional case in which the evidence weighs heavily against the verdict." *United States v. Merriweather*, 777 F.2d 503 (9th Cir. 1985). "To prevail on a motion for new trial based on prosecutorial misconduct, a defendant must show that the conduct more probably than not materially affected the fairness of the trial." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996).

## ANALYSIS

### A.   Disclosure of Bonner as Material Eyewitness

Case argues the Government failed to timely notify the defense of Bonner's role in taking the photos of Case after the drug deal. The Government disclosed in its witness list that Detective Ryan Bonner would be testifying at trial. Dkt. 55. Moreover, the defense received, in initial discovery, the photos taken by Bonner. Case argues the Government violated Rule 16 of the Federal Rules of Criminal

Procedure and General Order No. 352 ¶ I.8. by failing to disclose that Bonner was the agent who took the photos.

By its terms, Rule 16 only requires the Government to disclose a written summary of expert testimony they intend to introduce at trial and does not require the disclosure of nonexpert witnesses. *See United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008); Fed. R. Crim. P. 16(a)(1)(G). Agent Bonner gave lay testimony as to his observations on the day of the alleged crime. General Order No. 352 ¶ I.8. states:

> The United States must disclose whether a defendant was identified in any lineup, show up, photo spread, or similar identification proceeding and make available any pictures utilized or resulting therefrom and the names of all identifying witnesses in time for the defendant to make effective use of the information at trial.

Here, Bonner testified to his personal account of photographing Case and his vehicle on the day of the drug deal. Case was not identified in a lineup or identification proceeding encompassed by General Order No. 352, but rather in person by an officer at the site of a drug transaction. Detective Bonner testified that he observed and photographed a green GMC Envoy arrive at the site of the drug transaction, that he ran the plate of the vehicle and learned that Case was the owner, and then generally testified about the context and timeline of the photos.

The Government properly disclosed both the photos and Bonner's name as a potential witness. The photos tied Case to the site of the drug transaction. While

Detective Bonner provided context for the photos, which were critical to the Government's case, the photos themselves, and not Bonner's testimony, did most of the heavy lifting for the Government at trial. The Government's failure to disclose Bonner's name prior to filing its witness list does not violate General Order No. 352 or Rule 16 and does not warrant a new trial.

### B.    Disclosure of Campos's Cell Phone

Case argues the Government failed to disclose their possession of Vanessa Campos's cellphone or produce the text and call logs to the defense. The Government argues they did not have access to the contents of the cell phone because it was password-protected.

The prosecution must produce to the defendant any evidence that is "material to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To prevail on a *Brady* claim, a defendant must show that "(1) the evidence exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment." *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001). Suppressed evidence is considered material if its disclosure would have created a "reasonable probability of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

### 1.    The Cellphone Is Not Exculpatory

First, the evidence before the Court is insufficient to conclude that Campos's

cellphone was exculpatory. The phone was seized over six months after the controlled buy at issue in Case's trial, and may not have been the same device used during the buy. Further, the contents of the phone are unknown and were never known to the Government. The possibility that the phone could contain communications between Campos and another source is merely speculative.

Case, as the alleged recipient of the texts and calls at issue, could have introduced his own phone as evidence of the calls or lack thereof. *See Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) ("[W]here the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a *Brady* violation by not bringing the evidence to the attention of the defense.") (citation omitted). Case presents no evidence why his own phone was unavailable or insufficient to provide the evidence sought from Campos's phone.

### 2. The Government Was Not Obligated to Disclose the Cellphone or Its Records

Second, the Government was not obligated to disclose the FBI's possession of the cellphone or produce its contents to the defense. Because the phone was password-protected, the Government did not have access to the records the Defendant seeks. The Government could not suppress evidence they did not have access to. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("The

prosecution is under no obligation to turn over materials not under its control"); *Layton v. Martel*, No. ED CV 10-1534-VAP SP, 2014 WL 773450 (C.D. Cal. Feb. 20, 2014) (finding no *Brady* violation where there was no indication the prosecution ever obtained the cellphone records and the defendant had enough information to discover the records himself). Additionally, because the Defendant could have accessed the records of his own cell phone, the Government did not suppress the evidence from him. *See Aichele*, 941 F.2d at 764 (finding no suppression by the government where the defendant had enough information to ascertain the *Brady* material on his own). Further, the Government was not under a duty to disclose the phone to the defense under Rule 16 because the Government did not rely on the phone during its case-in-chief, the phone was not obtained from the Defendant, and the phone was not material to forming a defense (as explained below). *See* Fed. R. Crim. P. 16.

### 3. The Cellphone Is Not Material

Finally, the evidence before the Court is insufficient to suggest that disclosure of the Government's possession of the phone would create a reasonable probability of a different result. If the cell phone were to contain messages between Campos and another source during the purchase, that evidence would be material and of great value to the defense. However, the Court finds that the mere possibility that Campos's phone could contain exculpatory evidence is insufficient

to warrant a new trial. Further, even if the Government had disclosed the FBI's possession of the phone, the defense would be unable to access its contents given the phone's password-protection. As stated above, the Defendant was better situated to produce the call logs of his own cellphone during the controlled buy. Campos's phone itself is not material evidence.

### C. Closing Argument Statements

Finally, Case argues the prosecution's closing arguments contained misstatements of the evidence and improper references to his mask. "A district court may cure the effect of misstatements by giving appropriate curative instructions to the jury." *United States v. Lee*, 1 F.3d 1247, *2 (9th Cir. 1993) (internal citations omitted). In *Lee*, the government misstated the law in his closing argument. *Id.* The Ninth Circuit held that the district court's jury instruction sufficiently "neutralized any possible prejudice" to the defendant. *Id. See also United States v. Guess*, 745 F.2d 1286 (9th Cir. 1984) (holding improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as to prejudice the defendant, and the prejudice is not neutralized by the court).

### 1. Misstatement of Evidence

During closing arguments, the prosecution misstated the evidence by saying the informant testified that she saw the Defendant walk around the corner with

Campos during the controlled buy. Case moved for a mistrial on this ground. The Court denied the motion finding that, taken in context of trial and in light of the jury instructions, and the Court's admonishment to the jury, the statement was not prejudicial and did not warrant a mistrial. *Transcript* at 356-57, Dkt. 79. After reviewing the briefing and transcript, the Court's opinion has not changed.

At trial, in response to Defendant's objection, the Court instructed the jury: "[i]f the evidence supports the statement made by counsel, then you're to, of course, feel free to adopt that, but if the evidence doesn't support that, then you're to disregard counsel's argument." This instruction sufficiently corrected any prejudice caused by the Government's misstatement. Further, the prosecution's subsequent clarification of her statement ("Nellie did not tell you that she saw Brooks Case hand methamphetamine to Vanessa because she wasn't in a position to see that") redressed her misstatement of the CHS's testimony. Further, taken in context of the trial as a whole, specifically the informant's testimony, the Court finds this statement was not prejudicial to Case.

### 2. Reference to Masks

Case further contests the Government's reference to the Defendant's mask when discussing the informant's inability to identify him. However, a review of the transcript shows the Government's statement was not improper. The Government listed several other contributing factors, including the amount of time that had

passed since the controlled buy and the informant's short interaction with the source, to explain the informant's failure to identify Case. Moreover, the Government did not blame Case for wearing a mask or suggest he should have removed it, but rather noted that everyone in the courtroom was wearing a mask when the CHS was asked if she could identify the source in the room. The Court finds these statements were neither improper nor prejudicial to the Defendant.

For the foregoing reasons, the Court will deny the Defendant's Motion for a New Trial.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for New Trial (Dkt. 74) is **DENIED**.

DATED: July 23, 2020

B. Lynn Winmill
U.S. District Court Judge