UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS ALLAN CASE,<br><br>Defendant-Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Case Nos.  1:22-cv-00131-BLW<br>1:19-cr-00360-BLW<br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Brooks Allan Case's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 116 in Crim. Case No. 1:19-cr-00360-BLW and Dkt. 1 in Civ. Case No. 1:22-cv-00131-BLW). The Court has reviewed the record and the submissions of the parties. For the reasons set forth below, the Court dismisses the § 2255 Motion.

## BACKGROUND

On November 14, 2019, an Indictment was filed against Brooks Allan Case and Vanessa Campos charging them both with distribution of 5 grams or more of

actual methamphetamine on or about April 25, 2019, in Count One and charging Campos with distribution of 5 grams or more of actual methamphetamine on or about May 2, 2019, in Count Two all in violation of § 21 U.S.C. § 841(a)(1) and (b)(1)(B). *Indictment*, Crim. Dkt. 1. On May 11, 2020, Campos entered a plea of guilty to Count One of the Indictment in exchange for dismissal of Count Two. *Plea Agreement*, Crim. Dkt. 26; *Min. Entry*, Crim. Dkt. 42. As part of the factual basis of the Plea Agreement, she admitted that on April 25, 2019, she and Case packaged the methamphetamine that was sold to a confidential human source ("CHS"). Case opted to go to trial. Significantly, the onset of the COVID-19 pandemic affected trial schedule, counsel's ability to meet personally with Case, and an out-of-state witness's ability to travel for trial.

After two delays which will be discussed below, Case was tried before a jury on June 1, 2, and 4, 2020. *Min. Entries*, Crim. Dkts. 66-68. On June 4, 2020, the jury found Case guilty of Count One. *Jury Verdict*, Crim. Dkt. 71. Case filed a Motion for New Trial pursuant to Fed. R. Crim. P. 33 on the grounds that the Government failed to identify a material witness until seven (7) days before trial, failed to notify defense counsel that a detective had confiscated Campos' cell phone thus preventing him from inspecting it for the existence of phone calls or texts between Case and Campos on the date of the alleged offense, and engaged in misconduct by making certain statements at closing and failing to disclose possibly

**MEMORANDUM DECISION AND ORDER - 2**

exculpatory evidence regarding to the seizure of the phone. *Mem. Supporting Rule 33 Mot.*, Crim. Dkt. 74-1. The Court denied the Motion. *Mem. Dec. and Order*, Crim. Dkt. 85.

On September 4, 2020, the Court imposed a sentence of imprisonment of 60 months to be followed by four years of supervised release. *Judgment*, Crim. Dkt. 97. Case thereafter unsuccessfully appealed raising the issues of the Court's denial of his Motion for New Trial, prosecutorial misconduct, and denial of his right to cross-examine and confront Campos after she was found in contempt by the Court. *USCA Mem.*, Crim. Dkt. 114. Case thereafter timely filed the pending § 2255 Motion alleging various grounds of ineffective assistance of counsel, the Court's error in denying his Rule 29 Motion for Acquittal (which the Court understands to mean the Motion for New Trial discussed above), violation of his right to confront or cross-examine co-Defendant Campos, governmental misconduct at trial, and violation of his Speedy Trial rights. The Government has responded urging dismissal on various grounds.

## STANDARD OF LAW

### 1.  28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or

laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an

**MEMORANDUM DECISION AND ORDER - 4**

evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

### 2.  Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

More particularly with respect to the performance prong, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686-87. There

is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689. This is so because "[it] is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act of omission of counsel was unreasonable." *Id.*

The *Strickland* standard is "highly demanding" and requires consideration of counsel's "overall performance throughout the case," *Kimmelman v. Morrison*, 477 U.S. 365, 382; 386 (1986), and "the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695.

Finally, in evaluating an ineffective assistance of counsel claim, the court may consider the performance and prejudice components of the S*trickland* test in either order. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## DISCUSSION

The Government contends that Case's claims should be dismissed because they are "factually inaccurate and demonstrably false," fail to meet the *Strickland* standard of deficient performance and resulting prejudice, or are procedurally barred. The Court will address the claims in the order presented.

**1.      Ineffective Assistance of Counsel**

In Ground One, Case raises four instances of ineffective assistance of counsel. At the outset, the Court notes that vague and conclusory allegations will not support a finding of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

**(a)      Violation of Right to Testify**

Case first claims that counsel did not allow him to testify at trial. This claim is totally unsupported by any facts and is dismissible for that reason alone.

"An accused's right to testify is a constitutional right of fundamental dimension . . . . Because the right is personal, it may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional." *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) (citations omitted). However, a defendant "is presumed to assent to his attorney's tactical decision not to have him testify . . . . [I]f the defendant wants to testify, he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging the lawyer." *Id*. Finally, a waiver of the right may be inferred from a defendant's conduct and is presumed if the defendant does not testify or notify the court that he wants to do so. *Id*.

As with other claims of ineffective assistance of counsel, the *Strickland* standard is applicable to claims that a defendant's attorney denied him his

**MEMORANDUM DECISION AND ORDER - 7**

constitutional right to testify. *Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009) (citing *Medley v. Runnels*, 506 F.3d 857, 861 (9th Cir. 2007)). Furthermore, there is no prejudice if the defendant's testimony "would have been subjected to damning cross-examination on his prior convictions." *Id.*

Case does not state that he advised counsel that he wanted to testify and that counsel refused to put him on the stand. He does not claim that he was unaware of his right to testify. He does not state that had he testified the result of the trial would have been different. In defense counsel's affidavit submitted with the Government's Response, he states that he does not recall a specific conversation about whether he thought Case should testify, but he recalls general conversations about the issue and recalls that Case decided not to testify based on his counsel. *Horras Aff.* at ¶¶ 5-6. He does not recall Case ever objecting to the decision not to testify or demanding to testify. *Id.*, at ¶ 6.

Here, Case did not respond to counsel's statements in the Affidavit, he did not testify, and he did not notify the Court that he wanted to do so. Therefore, the Court can infer that Case waived his right to testify. The Court also notes that had he testified, he would have been subject to cross-examination on his numerous prior convictions. Accordingly, Case has failed to meet his burden of showing prejudice on this claim.

### (b)    Failure to Allow Sister-in-Law to Testify

Case next alleges that counsel would not allow his sister-in-law, Ashlie

Case, to testify at trial. He states that counsel said he could not call her as a witness

because the Government failed to prove its case and he expected a quick verdict of

not guilty. Counsel does not recall making such a statement or advising Case that

Ashlie Case could not testify. *Horras Aff.* at ¶¶ 8-9, Civ. Dkt. 7-1. Although

counsel spoke with her many times, he likewise does not recall a conversation with

her about testifying. *Id*. at ¶ 9. Finally, he states that she was not a direct witness to

the alleged offense and would not have had any relevant information about the

alleged controlled substance transaction.  *Id*.

Case's allegation of ineffective assistance of counsel based on failure to call

Ashlie Case as a witness is completely lacking in any specifics. He does not

indicate that she was available and willing to testify. *See United States v. Harden*,

846 F.2d 1229, 1231-32 (9th Cir. 1988). He does not indicate the expected

substance of her testimony or describe how her testimony might have changed the

outcome of the trial. *See United States v. Berry*, 824 F.2d 1406, 1409 (9th Cir.

1987) (finding no ineffective assistance of counsel absent expected testimony and

indication of how the testimony would have changed the outcome of the

proceeding). Without that information, the Court has no basis upon which to

determine whether there was any prejudice from failing to call her as a witness even if there were deficient performance in not calling her.

>    **(c)    Allowing Government Expert Witness to Testify Against Him Via Video**

Case contends that counsel allowed a government expert witness to testify against him via video even though he was against it. This claim is rebutted by the record.

The expert witness in question was a forensic chemist testifying from Pleasanton, California, who would have had difficulty traveling given the COVID restrictions in place at the time. The Court noted that Case had the right to have any witness physically present. It then verified on the record with defense counsel and Case himself that he waived that right and agreed to her appearance by video:

> THE COURT: Mr. Horras, the defendant has the right, obviously, to confront any witness by having them physically present in the courtroom, but I understand you have agreed to waive -- on behalf of your client, you agree to waive that?
>
> MR. HORRAS: That is correct, Your Honor.
>
> THE COURT: All right.
>
> MR. HORRAS: Yes. We will graciously allow her to testify via video.
>
> THE COURT: All right. And I assume, Mr. Case, you agree to waive that right?

**MEMORANDUM DECISION AND ORDER - 10**

THE DEFENDANT: Yeah. That's fine, sir.

*Trial Tr*. at 241-42.

This exchange with the Court contradicts Case's claim that he argued against having the witness testify by video. Furthermore, he does not explain why he was against the video testimony or describe how he was prejudiced by not having the witness physically present in the courtroom.

### (d)     Failure to Argue "Multiple Facts"

Case contends that counsel failed to argue "multiple facts" that he wanted counsel to argue. He does not state what these facts were or how he was prejudiced by the alleged ineffectiveness. These bare allegations are not sufficient to warrant further inquiry.

### 2.     Issues Addressed on Appeal

Case's claims in Grounds Two, Three, and Four were previously raised on direct appeal. The Ninth Circuit affirmed this Court's findings holding that the Government had presented sufficient evidence to support the jury's conclusion that Case was the source of the methamphetamine sold to the confidential informant; that the Government did not engage in prosecutorial misconduct, or if it did, there was no resulting prejudice warranting reversal; and that the Court did not violate Case's right to cross-examine and confront Campos after finding her in contempt and dismissing her from the witness stand given that Case did not request an

opportunity to cross examine her and he objected to striking her testimony. *USCA Mem.*, Crim. Dkt. 114.

Issues decided adversely on appeal cannot be raised again or reviewed in a § 2255 proceeding because the appeals court decision becomes the law of the case. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972). *See also United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979); and *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975). This is so even if the issue "is stated in different terms." *Currie*, 589 F.2d at 995.

### 3.    Violation of Right to Speedy Trial

Case baldly claims that his rights to a speedy trial were violated. He said counsel told him that the right did not apply due to COVID-19. He does not state how the alleged violation prejudiced him. The Government contends that the claim is procedurally defaulted because Case did not raise the issue on appeal and has failed to show cause for the failure or resulting prejudice or actual innocence. *Response* at 13, Civ. Dkt. 7 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003) and *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Court agrees. Case did not provide any facts upon which the Court could make the necessary determination. However, his claim would fail even he had done so.

The Speedy Trial Act provides that trial shall commence within 70 days from the filing date or from the date the defendant has appeared before a judicial officer,

**MEMORANDUM DECISION AND ORDER - 12**

whichever is later. 18 U.S.C. § 3161(c)(1). Trial in this matter was originally scheduled for January 27, 2020. On January 8, 2020, defense counsel filed an unopposed Motion to Continue requesting a continuance of no more than sixty (60) days for various reasons including the need to review discovery, Case's move from the Ada County Jail to the Jerome County Jail making communication between Case and his attorney difficult, and the need to discuss a proposed plea agreement with Case. *Horras Aff. in Support of Mot. To Continue*, Crim. Dkt. 24-1. Case agreed to the continuance and waived his rights under the Speedy Trial Act. *Id*. The Court granted the Motion, continued the trial until March 30, 2020, and found that the period of time between the filing of the Motion to Continue and the new trial date was deemed excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(6) and (7)(A) & (B).

The trial was subsequently vacated and reset twice due to COVID-related issues. On March 18, 2020, the Court continued the trial until May 11, 2020, based on District of Idaho General Order No. 360 limiting Court operations for at least eight weeks to prevent the spread of COVID-19. *Order*, Crim. Dkt. 31. The time between the date of the order and the new trial date was deemed excludable time under the Speedy Trial Act. *Id*. The trial was next continued until June 1, 2020, based on District of Idaho General Order No. 365 issued in response to Governor Little's statewide Order to Self-Isolate in response to COVID-19 and his Guidelines for Opening Up Idaho. *Order*, Crim. Dkt. 40. Once again, the time between the date of the order and the new trial date was deemed excludable time under the Speedy Trial Act. *Id*. The trial ultimately commenced on June 1, 2020, well

within the 70-day speedy trial requirement. Accordingly, Case's claim is rebutted by the record and dismissible.

## CONCLUSION

Case's claims of ineffective assistance of counsel are rebutted by the record or do not meet the *Strickland* standard. Counsel conscientiously advocated for Case from pre-trial through appeal starting with seeking a continuance to allow time for reviewing discovery and considering a plea agreement by filing a Motion to Continue Trial (Crim. Dkt. 24), seeking to limit certain allegedly prejudicial testimony or evidence by filing a Motion in Limine (Crim. Dkt. 27), seeking release from custody pending trial (Crim. Dkt. 32), filing a Trial Brief (Crim. Dkt. 48) addressing several evidentiary issues, defending Case at trial cross examining the Government's witnesses and arguing various issues, filing a Motion for New Trial (Crim. Dkt. 74), representing Case at sentencing including providing mitigating evidence in the form of character letters (Crim. Dkt. 91), and pursuing an appeal. That Case was ultimately convicted does not render counsel's performance deficient.

Case's remaining vague and conclusory claims are subject to dismissal based on procedural default or former resolution on appeal.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Case's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.  Brooks Allan Case's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 116 in Case No. 1:19-cr-00360-BLW and Civ. Dkt. 1 in Civ. Case No. 1:22-cv-00131-BLW) is **DISMISSED**.

2.  No Certificate of Appealability shall issue. If Case wishes to proceed to the United States Court of Appeals for the Ninth

Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

3.   If Case files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: April 10, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 16**